34 F.3d 1066
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Orville F.W. LEWIS; Linda A. Lewis, Personal
Representatives of the Estate of Mark Shane Lewis,
Plaintiffs-Appellants,
v.
CLAYTON GARAGEAND RECAPPING, INCORPORATED; Lee Tire and
Rubber Company, Incorporated; Kelly Springfield
Tire Company, Defendants-Appellees,
and Bridgestone/Firestone, Incorporated; Fina Incorporated;
Fmc Corporation; Goodyear Tire & Rubber Company,
Defendants.
 No. 94-1019.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1994.
Decided Aug. 4, 1994.
 
 Appeal from the United States District Court for the District of South Carolina, at Anderson. Henry M. Herlong, Jr., District Judge. (CA-93-600)
 Hal Jerome Warlick, Warlick Law Offices, Easley, S.C., for appellants.
 Floyd Matlock Elliott, Haynsworth, Marion, McKay & Guerard, Greenville, S.C.; Richard Ripley Mehrhof, Jr., Allgood, Childs, Mehrhof & Millians, P.C., Augusta, Ga., for appellees.
 On Brief: Harold F. Daniels, Warlick Law Offices, Easley, S.C., for appellants.
 Harry L. Phillips, Jr., Haynsworth, Marion, McKay & Guerard, Greenville, S.C., for appellees.
 D.S.C.
 AFFIRMED.
 Before WILKINSON, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellants Orville and Linda Lewis (Lewis), the Personal Representatives of the decedent, Mark Shane Lewis, appeal the district court's grant of summary judgment to Clayton Garage & Recapping, Inc. ("Clayton Garage"), Kelly-Springfield Tire Company ("Kelly Tire"), and Lee Tire and Rubber Company, Inc. ("Lee Tire").[1] We affirm the district's court's ruling that Lewis's claims against Kelly Tire and Lee Tire were barred by Georgia's[2] ten-year statute of repose and that no exception to the statute applied in this case. Moreover, we affirm the district court's finding that Lewis presented no evidence of negligence on the part of Clayton Garage.
 
 I.
 
 2
 On February 5, 1993, Mark was killed when the bead wires of the sixteen inch tire he was attempting to mount onto a sixteen and one-half inch rim exploded and struck him in the head. The tire was manufactured twenty years earlier by Kelly Tire for Lee Tire, and the rim was manufactured in 1976 by Bridgestone/Firestone, Inc. The tire was recapped twice, and although the identity of the first recapper is unknown, Clayton Garage performed the second recapping in April 1978. Lewis filed this suit on March 17, 1993, and an Amended Complaint was filed on July 19, 1993. Thereafter, the Defendants filed motions for summary judgment.
 
 
 3
 In dismissing the negligence cause of action against Kelly Tire and Lee Tire, the district court relied on Ga.Code Ann.Sec. 51-1-11 (Michie 1982 & Supp.1993), which bars actions asserting the negligence of a manufacturer as the basis of liability when the action is brought more than ten years after the date of the first sale of personal property.[3] It was undisputed that the original sale of the tire in question occurred more than ten years before this action was filed, thus the statute, on its face, bars this case.
 
 
 4
 Lewis, however, made several arguments for exception to the statute of repose. First, he asserted that the repose statute was inapplicable because the manufacturers breached their duty to warn under Ga.Code Ann. Sec. 51-1-11(c), which states: "Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer." The district court disagreed, as the evidence established that the tire, when manufactured in 1973, contained information regarding size and load rating, and met all federal requirements. Moreover, in 1973, after learning about mismatches of sixteen inch tires and sixteen and one-half inch rims, the manufacturers began putting warning labels on the tires regarding maximum air pressure to be used for seating the beads.
 
 
 5
 Lewis next contended that the repose statute does not apply to "an action seeking to recover from a manufacturer for injuries or damages ... arising out of conduct which manifests a willful, reckless, or wanton disregard for life or property." Ga.Code Ann. Sec. 51-1-11(c). The district court, however, also rejected this claim. As mentioned above, in 1973, in addition to size and other information, the manufacturers began putting warnings on the tires regarding the maximum air pressure, thus responding to any potential danger. Therefore, there was no evidence of willful, reckless, or wanton conduct.
 
 
 6
 With regard to the negligence claim against Clayton Garage, the evidence established that it was the recapper's practice to place a label regarding size on all of its recapped tires. The district court noted that Lewis presented no evidence "to indicate that the warning label was not affixed to the tire" or that the tire was "mislabeled." (J.A. at 662, 632.) Therefore, the district court found no grounds for the negligence claim against Clayton Garage.[4] Accordingly, the district court granted the Defendants' motions, and dismissed the case on December 20, 1993. Lewis appealed to this court.
 
 II.
 
 7
 The grant of summary judgment by the district court is reviewed de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988). After studying the briefs and record in this case and having had the benefit of oral argument, we agree with the finding and reasoning of the district court that Lewis's claims against Kelly Tire and Lee Tire are barred by the ten-year statute of repose and that no exception to the statute is applicable to this case. Moreover, we agree with the district court that Lewis presented no evidence of negligence on the part of Clayton Garage.[5] Lewis v. Clayton Garage & Recapping, Inc., No. 93-600-20 (D.S.C. Dec. 20, 1993). Accordingly, we affirm.
 
 AFFIRMED
 
 
 [1]
 The district court also granted summary judgment to Bridgestone/Firestone, Inc., but it is not a party in this appeal
 
 
 [2]
 It is uncontroverted that Georgia law applies in this diversity action
 
 
 [3]
 The statute of repose provides, in part, as follows:
 The manufacturer of any personal property sold as new property ... shall be liable in tort ... to any natural person who may use, consume, or reasonably be affected by the property and who suffers injury....
 No action shall be commenced pursuant to this subsection with respect to an injury after ten years from the date of the first sale for use or consumption of the personal property causing or otherwise bringing about the injury.
 The limitation ... regarding bringing an action within ten years from the date of the first sale for use or consumption of personal property shall also apply to the commencement of an action claiming negligence of a manufacturer as the basis of liability....
 Ga.Code Ann. Sec. 51-1-11(b), (c) (Michie 1982 & Supp.1993).
 
 
 [4]
 Lewis also contended that Clayton Garage violated 49 C.F.R. Sec. 571.117 (1993) and 49 C.F.R. Sec. 571.119 (1993), which constituted negligence per se. The district court found that Sec. 571.117 applies only to retreaded passenger car tires, and that Sec. 571.119 applies only to new tires designed for multiple passenger vehicles. Because Mark was attempting to mount a retreaded, light truck tire, Lewis's claim did not fit within the definition of either section. Accordingly, the district court granted summary judgment to Clayton Garage. Lewis has not challenged the district court's decision on this issue
 
 
 [5]
 Because we affirm, we do not address the district court's alternative ground for dismissal, namely that Mark assumed the risk of injury or death by failing to heed the warnings given to him